IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MIKE JAYNE,

     Plaintiff,                No. 2: 11-cv-1448 GEB KJN P

     vs.

DONALD VAN BUSKIRK, et al.,

     Defendants.          <u>FINDINGS & RECOMMENDATIONS</u>

_____/

        Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. The undersigned has separately issued a lengthy order addressing the merits of plaintiff's amended complaint filed June 28, 2011. In this order, the undersigned found that the following claims stated potentially colorable claims for relief: 1) cell searches conducted allegedly based on retaliation and to harass plaintiff against defendants Buskirk, Champagne, Page, Woellert; 2) defendant Woellert allegedly refused to allow plaintiff to wash off pepper spray for several hours; 3) alleged denial of outdoor exercise while in ad seg by defendants Buskirk and Solus; 4) conditions of ad seg were allegedly unconstitutional against defendants Buskirk and Solus: 5) alleged denial of medical care for sciatica against defendants McComb and Austin; 6) alleged denial of access to Jewish reading material and Rabbi and alleged denial of request to wear Star of David in violation of the First Amendment and RLUIPA

1

against defendant Solus; 7) alleged denial of right to watch television in violation of the Equal Protection Clause against defendant Solus.

In the separately issued order, the undersigned addressed why the remaining claims did not state potentially colorable claims for relief. In particular, the undersigned found that the following claims were not potentially colorable: 1) conspiracy claims against defendant Hendershot, Anderson, Mitchell, Ashmun, Ryan, Champagne and Mitchell; 2) conspiracy claims against defendants Solus and Ashmus based on their alleged preparation of memos; 3) conspiracy claims against defendants Buskirk and Champagne based on their drafting of policies; 4) alleged failure of defendants Hansen and Bosenko to investigate the conspiracy; 5) alleged failure of defendants Cierly and Skenn to conduct criminal investigation; 6) claim that defendants Page, Champagne and Short allegedly attempted to frame plaintiff on criminal charges and plant informants; 7) claim that defendant Short allegedly falsely claimed that plaintiff had a hit list; 8) claim that defendants Champagne, Mitchell, Buskirk and Abernathy allegedly violated the Federal Wiretap Act and California Penal Code sections 636(a) and 132; 9) claim that defendant Page used allegedly excessive force; 10) claim that defendant Church allegedly retaliated against plaintiff; 11) claim that defendants Solis and Champagne allegedly punished plaintiff for rules violations and denied plaintiff visits; 12) claim that defendant Champagne allegedly gave plaintiff a thin mattress; 13) claim that defendants Solus and Woellert allegedly tampered with plaintiff's mail; 14) claim that defendant Solus allegedly violated the ADA by failing to provide rehabilitative services; 15) claim that defendants Solus and Buskirk allegedly violated plaintiff's right to access the court and California Penal Code section 832.5; 16) claim that plaintiff did not receive dessert; 17) claim that defendant Solus allegedly kept a debt on his canteen; 17) claim that defendants Cierly and Skenn allegedly refused to investigate his complaints of conspiracy; 18) claim that defendant Brown allegedly refused to investigate his complaints; 19) claim that defendants Campbell and Hammonds allegedly conspired to play back his attorney-client telephone calls; 20) all claims against defendants Abney and Bodner because plaintiff has failed

to link them to any alleged deprivation.

For the reasons stated in that order, the undersigned now recommends dismissal of those claims.

Accordingly, IT IS HEREBY RECOMMENDED that those claims raised in plaintiff's amended complaint found not potentially colorable in the separately issued order be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 16, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

jayne1448.ame